UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON RAMON DAVIS,  )
 ) CASE NO.  C11-0903-TSZ
Petitioner,  ) (CR06-0424-TSZ)
 )
v.  )
 ) REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA,  )
 )
Respondent.  )
_____ )

# INTRODUCTION

Petitioner Jason Ramon Davis, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1.) Respondent opposes petitioner's motion to vacate. (Dkt. 8.) The Court, having reviewed petitioner's § 2255 petition, all papers and exhibits in support and in opposition to that petition, and the balance of the record, concludes that petitioner's § 2255 petition should be denied without an evidentiary hearing.

# BACKGROUND

Seattle police officers arrested petitioner on an active felony warrant on October 31, 2006. *Davis*, CR06-0424-TSZ (Dkt. 1). Searching petitioner's car incident to his arrest,

officers discovered a shoe box within reach of the driver containing, *inter alia*, a loaded .45 caliber handgun and three plastic baggies containing a total of 37.7 grams of crack cocaine, a scale, razor blades, and empty plastic baggies. The handgun had been reported stolen by the Des Moines, Washington Police Department. The police officers advised petitioner of his Miranda rights and he admitted the items in the car were "all mine." (*Id*. at 4.)

On August 9, 2007, petitioner plead guilty to a two-count Superseding Information charging him with Possession of Cocaine Base (crack) with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id*. (Dkts. 36 & 40). On the possession count, petitioner stipulated to a base offense level of 30 and a two-level upward adjustment pursuant to §2D1.1 of the United States Sentencing Guideline (USSG) for possession of a firearm. *Id*. (Dkt. 40 at 5). On the firearm count, petitioner stipulated to a base offense level of 24 and a two-level upward adjustment based on the fact that the firearm was stolen pursuant to USSG §2K2.1(b)(4). (*Id*. at 5-6.) Petitioner waived his right to a jury trial, his right to appeal, and his right to collaterally attack his conviction and sentence except as such attack related to the effectiveness of his legal representation. (*Id*. at 1, 8-9.)

The Court sentenced petitioner on February 21, 2008. *Id*. (Dkt. 47). The Court determined that the base offense level on the drug offense was 28, that a 2-level upward adjustment to level 30 based on the possession of a firearm should be imposed, and that a 3-level reduction should be applied for acceptance of responsibility. *Id*. (Dkt. 55 at 3). The Court determined petitioner's criminal history category as VI, resulting in a range for the drug offense of 130 to 162 months, and sentenced petitioner to 130 months. (*Id*. at 3, 18-19.) The

United States agreed that the firearms offense grouped with the drug offense for purposes of sentencing. (*Id*. at 16.) For the firearms offense, the Court sentenced petitioner to 120 months, to run concurrent with the 130-month sentence for the drug offense. (*Id*. at 19.)

Petitioner filed an appeal with the Ninth Circuit Court of Appeals. *See id*. (Dkt. 52). The Ninth Circuit granted petitioner's voluntary dismissal of the appeal on June 19, 2008.

## DISCUSSION

Petitioner seeks habeas review pursuant to 28 U.S.C. § 2255. In order to state a cognizable § 2255 claim, a petitioner must assert that he is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. § 2255.

Pointing to the firearm offense, petitioner argues his conviction and/or sentence should be vacated based on the United States Supreme Court decision in *United States v. O'Brien*, 130 S. Ct. 2169 (2010). He raises related arguments that his conviction demonstrates a violation of the Administrative Procedure Act (APA) and that he is "actually innocent." Also, although he does not clearly raise a distinct ineffective assistance of counsel claim, petitioner appears to suggest his counsel gave him inadequate legal advice. Petitioner additionally suggests that, if barred from proceeding pursuant to § 2255, his petition should be construed as a writ of *audita querela*. However, petitioner fails to set forth any basis for habeas relief.

A.  Waiver of Collateral Attack

Petitioner waived his right to bring a collateral attack against his conviction and sentence except as related to the effectiveness of his legal representation. *Davis*,

CR-6-0424-TSZ (Dkt. 40 at 9). Petitioner acknowledged his understanding he had waived that right in entering his plea. *Id*. (Dkt. 54 at 17-18).

"'A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made.'" *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). The waiver will not apply where (1) a guilty plea failed to comply with Rule 11 of the Federal Rules of Criminal Procedure; (2) the sentencing judge informed the defendant, contrary to the plea agreement, that he retained the right to appeal; (3) the sentence does not comport with the terms of the plea agreement; or (4) the sentence violated the law. *Id*. at 987 (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)).

Petitioner acknowledges he waived his right to pursue a § 2255 petition, but states his lawyer "never explained to me what issues could be raised in a 2255, he never told me if the law changed, the 2255 would be sued for such and that I was giving up such a right." (Dkt. 1 at 5.) Petitioner's assertion as to changed law relates to his *O'Brien* arguments. As discussed below, even if petitioner had not waived his right to appeal or pursue a habeas petition, *O'Brien* does not provide a basis for habeas relief. Further, to the extent construed as a separate claim, petitioner fails to demonstrate ineffective assistance of counsel.

The Court also concludes that petitioner provides no support for a contention that his waiver of his right to appeal or pursue a collateral attack was other than knowingly or voluntarily made. Nor does petitioner assert, or the Court find, that any of the above-described exceptions apply. As such, petitioner's attempt to collaterally attack his conviction except as

REPORT AND RECOMMENDATION
PAGE -4

to the effectiveness of his counsel should be denied.

B.      Firearm Offense

Petitioner's plea agreement included a stipulation to a two-level Sentencing Guidelines enhancement under §2K2.1(b)(4) for his possession of a stolen firearm. Petitioner maintains the Supreme Court's decision in *O'Brien* constitutes an intervening change in law that applies retroactively in his case and invalidates § 2K2.1(b)(4). He also challenges the absence of a mens rea requirement in § 2K2.1(b)(4), maintains that omission demonstrates a violation of the APA, and avers his actual innocence. However, even assuming petitioner had not waived his right to pursue these claims, none of petitioner's arguments have merit.

*O'Brien* addressed 18 U.S.C. § 924(c)(1)(B)(ii), which requires a 30-year mandatory minimum sentence for the use or carrying of a machinegun in relation to a crime of violence or drug trafficking, or the possession of a machinegun in furtherance of such crimes. The Court held that the fact the firearm at issue was a machinegun is an element to be proved to the jury beyond a reasonable doubt, not a sentencing factor to be considered by a court at sentencing. *O'Brien*, 130 S. Ct. at 2172-80.

As an initial matter, petitioner fails to establish the retroactive applicability of *O'Brien*. In general, decisions that establish new rules of law are not applied retroactively to cases on collateral review, including § 2255 habeas petitions. *Teague v. Lane*, 489 U.S. 288, 303, 310-11 (1989). Nothing in *O'Brien* suggests that the Supreme Court made the decision "retroactively applicable on collateral review[,]" § 2255(f)(3), and no court has recognized the decision as retroactive. Nor, as argued by respondent, is there any basis for finding satisfaction of either of the two narrow exceptions to the non-retroactivity principle set forth in

*Teague*. *See Beard v. Banks*, 542 U.S. 406, 416-17 (2004) (exceptions apply for (1) "rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."; and (2) "'"watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."'") (quoted sources omitted).

Moreover, even if petitioner had established its retroactivity, *O'Brien* is inapplicable to petitioner's case. Petitioner states that "*O'Brien* has dictated that sentencing factors involve characteristics of the offender – such as recidivism, cooperation with law enforcement, or acceptance of responsibility, while characteristics of the offense are treated as elements[.]" (Dkt. 1-1 at 8.) He reasons that "the inevitable conclusion must be that a requirement of a stolen firearm enhancement is really an element of an offense to be made before the grand jury or to the defendant before he waives his right to a jury trial by pleading guilty." (*Id.*) Petitioner avers he had "'no idea'" the gun in his possession was stolen and that the sentencing judge in his case had no fact-finding authority to enhance his sentence on this basis. (*Id.* at 7, 11.)

The majority opinion in *O'Brien* rendered its decision based on statutory construction, 130 S. Ct. at 2172-80, while the concurring Justices focused on whether construing the provision as a sentencing factor, in light of the 30-year mandatory minimum, would impermissibly increase the penalty of the crime without the constitutional protection of a jury verdict, *id.* at 2181-84 (relying on, *inter alia*, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). In applying the relevant factors to determine congressional intent in relation to the machinegun provision, the Court in *O'Brien* did state that "[c]haracteristics of the offense itself

REPORT AND RECOMMENDATION
PAGE -6

are traditionally treated as elements[.]" *Id.* at 2176. However, the Court also based its decision on its interpretation of an analogous machinegun provision in a previous version of the statute, as well as consideration of other factors of statutory intent, including the risk of unfairness, the severity of the sentence, and the silence in the legislative history which the Court found "not neutral," as it "counsel[ed] against finding that Congress made a substantive change to this statutory provision." *Id.* at 2175-80 (discussing *Castillo v. United States*, 530 U.S. 120 (2000)).

Petitioner's case did not involve a machinegun or § 924(c)(1)(B)(ii). Also, as noted by respondent, petitioner ignores a critical distinction between the advisory sentencing enhancement at issue in his case and the mandatory minimum provision at issue in *O'Brien*. That is, while § 2K2.1(b)(4) was utilized as an advisory fact for the Court to take into account in formulating petitioner's sentence, the use of a machinegun under § 924 imposes a mandatory "drastic, sixfold increase" in sentencing, "in contrast to some less dangerous firearm," which "strongly suggests a separate substantive crime." *O'Brien*, 130 S. Ct. at 2176. As also noted by respondent, the Ninth Circuit has confirmed that *O'Brien* "reaffirmed" that certain enhancements, such as "brandishing or discharging a firearm are 'sentencing factors to be found by a judge.'" *United States v. Lindsey*, 634 F.3d 541, 556 (9th Cir. 2011) (quoting *O'Brien*, 130 S. Ct. at 2179). For all of these reasons, petitioner's reliance on *O'Brien* is unavailing.

Case law also confirms the absence of a constitutional violation in light of petitioner's contention he did not know the gun in his possession was stolen. In *United States v. Ellsworth*, 456 F.3d 1146, 1149-51 (9th Cir. 2006), the Ninth Circuit held that the lack of a scienter

REPORT AND RECOMMENDATION
PAGE -7

requirement in §2K2.1(b)(4) rationally reflected a legitimate government interest based on the danger posed to society caused by felons possessing stolen firearms. *Accord United States v. Thomas*, 628 F.3d 64, 67-70 (2d Cir. 2010). As stated by the Sixth Circuit, "every other court to consider the question has concluded that the lack of a mens rea requirement in U.S.S.G. § 2K2.1(b)(4) comports with constitutional requirements." *United States v. Rolack*, No. 08-6255, 2010 U.S. App. LEXIS 1410 at *5-6 n.2 (6th Cir. Jan. 22, 2010).

The Ninth Circuit's decision in *Ellsworth* also precludes petitioner's APA argument. Petitioner essentially argues that, because Congress included a mens rea requirement in 18 U.S.C. § 922(j) – the statue criminalizing possession of stolen firearms – it was an impermissibly broad exercise of administrative authority for the Sentencing Commissioner to eliminate the mens rea requirement from the "closely related" §2K2.1(b)(4) enhancement for stolen firearms. (Dkt. 1-1 at 14-16.) However, in *Ellsworth* the Ninth Circuit found, "[a]lthough superficially similar to the statutory offense in § 922(j), § 2K2.1(b)(4) is only a Guideline enhancement and not an independent basis for criminal liability[,]" and "because Congress expressly intended that 'an ex-felon may not legitimately possess *any* firearm,'" the Court could not "infer congressional intent regarding the mens rea requirement for a felon who possesses a stolen firearm from the mens rea requirement for the generic category of 'any person' who possesses a stolen firearm." 456 F.3d at 1151 (internal citation to quoted source *United States v. Goodell*, 990 F.2d 497, 499 (9th Cir. 1993)).

Finally, petitioner's "actual innocence" assertion presents no basis for habeas relief. Petitioner maintains that, as a result of *O'Brien* and because he did not reasonably know the firearm in his possession was stolen, he is actually innocent of the firearm enhancement. (Dkt.

1-1 at 16-17.) Actual innocence "is not in itself a constitutional claim, but would serve only to remove [a] timeliness bar so that claims may be heard on the merits." *United States v. Zuno-Arce*, 339 F.3d 886, 890 n.5 (9th Cir. 2003) (citing *Majoy v. Roe*, 296 F.3d 770, 776 n. 1 (9th Cir. 2002)). In any event, for the reasons stated above, neither *O'Brien*, nor the absence of a mens rea requirement in the sentencing enhancement at issue calls petitioner's conviction on the firearm count into question. Consequently, any contention that petitioner's "actual innocence" could serve to excuse any procedural default also necessarily fails. *See generally Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) ("'In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'"; a demonstration of actual innocence requires a showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986), and *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In sum, petitioner sets forth no basis for the central substantive arguments presented in his petition. Therefore, even if petitioner had not waived his right to pursue these claims, his request for habeas relief would be subject to dismissal.

C. <u>Ineffective Assistance</u>

Petitioner avers he told his attorney he had "'no idea'" the gun in his possession was stolen and that his lawyer told him "the law is clear and while he doesn't agree with it, 'it is what it is.'" (Dkt. 1 at 5.) He further states:

> I pled guilty and waived my rights to a 2255. However, my lawyer never

> explained to me what issues could be raised in a 2255, He never told me if the law changed, the 2255 would be used for such and that I was giving up such a right.  He told me the Court would properly sentence me and the Judge was not bias [sic] so to accept my plea I have to agree to such.  He said I could keep my right to claim he was ineffective & the prosecutor showed misconduct.

(*Id.*)  Petitioner also elsewhere states his attorney had him stipulate that the firearm was stolen even though he told him he had "no idea" of that fact.  (Dkt. 1-1 at 7.)  To the extent construed as a separate allegation of ineffective assistance of counsel, petitioner's claim fails.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland*.  Under that test, a defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Id*. at 687-694.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential.  *Id*. at 689.  There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance.  *Id*.  The Ninth Circuit has made clear that "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"  *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance.  In order to establish prejudice, a petitioner "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Id.* at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id.*

Whether or not petitioner told his counsel he did not know the gun in his possession was stolen, it appears from petitioner's claim that his counsel properly and accurately advised him §2K2.1(b)(4) does not require such knowledge. (*See* Dkt. 1 at 5.) Further, to the extent petitioner's arguments otherwise hinge on his interpretation of *O'Brien*, that case is neither retroactive, nor applicable. Also, while petitioner maintains his counsel did not advise him as to the rights he was giving up in relation to a § 2255 petition, he concedes, at the same time, that his counsel told him he would retain the right to pursue very limited arguments on appeal or in a habeas petition if he accepted the plea. (Dkt. 1 at 5.)

It should also be noted that petitioner's counsel succeeded in securing a minimum sentence under the Guidelines, with two counts running concurrently. As observed by respondent, even if the Court had not imposed the §2K2.1(b)(4) enhancement, resulting in a 120-month sentence on the firearms count, petitioner would still have been subject to the longer of the concurrent sentences, 130 months, on the possession count. Additionally, had petitioner gone to trial and not received a 3-point reduction for acceptance of responsibility, he would have faced a sentencing range of 168 to 210 months on the possession count.

Given all of the above, petitioner fails to demonstrate either that his counsel's

REPORT AND RECOMMENDATION
PAGE -11

performance fell below an objective standard of reasonableness or actual prejudice. Therefore, petitioner's construed ineffective assistance of counsel claim also lacks merit.

D.     Writ of *Audita Querela*

Petitioner suggests that, if barred from pursuing this § 2255 petition, the Court should construe his petition as a writ of *audita querela*. (Dkt. 1-1 at 1.) The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). *Audita querela*, and the other common law writs, may be used to collaterally attack criminal sentences in very narrow circumstances. *U.S. v. Morgan*, 346 U.S. 502, 510-11 (1954); *U.S. v. Crowell*, 374 F.3d 790, 794-95, n. 3 (9th Cir. 2003). Such writs are now available "only to the extent that they fill 'gaps' in the current systems of post-conviction relief." *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2000). Federal prisoners may not employ the writ of *audita querela* to challenge a conviction or sentence when that challenge is cognizable as a 28 U.S.C. § 2255 motion because there is no "gap" to fill in post-conviction remedies. *Id.* at 1080.

Petitioner does not identify any gap in post-conviction remedies justifying his use of this extraordinary writ. Moreover, as stated above, petitioner waived his right to pursue a collateral attack except as related to the effectiveness of his legal representation, and neither petitioner's construed ineffective assistance claim or his substantive arguments have merit. The mere re-labeling of petitioner's petition as a writ of *audita querela* would not change this outcome.

CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's § 2255 motion

be DENIED. No evidentiary hearing is required as the record and documentary evidence before the Court conclusively shows that petitioner is not entitled to relief. 28 U.S.C. § 2255(b). The Court further concludes that petitioner is not entitled to a certificate of appealability with respect to his claims. *See* 28 U.S.C. § 2253(c)(2). A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this 3rd day of November, 2011.

Mary Alice Theiler
United States Magistrate Judge